Filed 12/29/20  P. v. Lewis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091066 |
| Plaintiff and Respondent, | (Super. Ct. No. 98F07013) |
| v. | |
| CARL LEWIS, | |
| Defendant and Appellant. | |

Defendant Carl Lewis appeals the trial court's denial of his petition for resentencing under Penal Code section 1170.95,[1] arguing the trial court incorrectly found that his conviction for first degree murder with a burglary-murder special circumstance precluded his eligibility for relief.  We will affirm the trial court's order.

---

[1]     Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 2000, defendant was convicted of burglary (§ 459), robbery (§ 211), and first degree murder (§ 187, subd. (a)). (*People v. Lewis et al.* (Jan. 8, 2002, C034860) [nonpub. opn.] (*Lewis*).) "The jury also found true the special circumstance that the murder was committed during the commission of burglary." (*Ibid.*) With respect to the special-circumstance finding under section 190.2, the jury was instructed with then current CALJIC No. 8.80.1, which required the prosecution to prove beyond a reasonable doubt that defendant was the actual killer, acted with intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life. (*Lewis, supra*, C034860.) Defendant appealed the convictions and we summarized the relevant facts. (*Ibid.*) In short, defendant and a codefendant took items of value from two apartments. (*Ibid.*) One of the victims, an elderly woman who lived in one of the apartments, was found in a coma the next day with injuries consistent with blunt force trauma, and later died. (*Ibid.*) Defendant admitted participating in the burglary and bumping into the victim, but said she only "spun around" and did not fall down. (*Ibid.*)

In his direct appeal, defendant challenged the sufficiency of the evidence for the special-circumstance finding, arguing there was insufficient evidence to show he acted with reckless indifference to human life. (*Lewis, supra*, C034860.) We rejected defendant's argument, saying there was no need to establish he acted with reckless indifference because sufficient evidence supported the conclusion he was the actual killer: "As Lewis acknowledges, the requirement of finding reckless indifference to human life before finding true a burglary special circumstance does not apply if there was sufficient evidence for the jury to conclude that the defendant was the actual killer. (See Pen. Code, § 190.2 [requiring reckless indifference only if defendant not actual killer]; see also *People v. Smithey* (1999) 20 Cal.4th 936, 1016 [same].) Since we conclude there was sufficient evidence for the jury to conclude that Lewis was the actual killer, we need not consider his reckless indifference argument.

2

"Lewis admittedly encountered [the victim] as he was exiting the apartment. He asserted he merely bumped her, but the evidence, including his proximity to her, her injuries, and the likelihood that the injuries were caused by the flashlight he was carrying, support the inference he beat her, striking her at least four times with considerable force. Additionally, he criticized [codefendant] for leaving him at the apartment and stated he had hit [the victim] 'upside the head.' " (*Lewis, supra*, C034860.) We affirmed defendant's convictions. (*Ibid.*)

On January 28, 2019, defendant filed a petition for resentencing under section 1170.95. The petition alleged defendant was eligible for relief because he was charged "under a theory of felony murder or murder under the natural and probable consequences doctrine," he "was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine," and he could "not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The district attorney's office filed a response to the petition, and defendant, through counsel, filed opposition to the district attorney's response. The trial court denied defendant's petition, saying, "Defendant Lewis, at trial by jury, was found guilty of first degree murder, and the jury also found true, by unanimous verdict and beyond a reasonable doubt, that a burglary-murder special circumstance was true. In making its determination on the special circumstance allegation, the jury is presumed to have followed CALCRIM No. 8.80.1, with which it had been instructed regarding the special circumstance, and found that defendant Lewis either was the actual killer, acted with intent to kill, or was a major participant in the burglary and acted with reckless indifference to human life in committing the burglary.

"Defendant Lewis's judgment, including the special circumstance finding, was affirmed on appeal by the Third District Court of Appeal. [¶] The court's underlying file does not show that defendant Lewis has obtained a vacating of his special circumstance

3

finding by any court, and defendant Lewis has not alleged that that has occurred or submitted any reasonably available documentary evidence to show that that has occurred.

"Penal Code § 1170.95(a) provides that 'A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: . . . (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.'  Defendant Lewis is not such a person.  As Penal Code §§ 187 and 189 still provide for first degree murder based on burglary-murder, when the trier of fact has found beyond a reasonable doubt that the defendant either was the actual killer, intended to kill, or was a major participant who acted in the robbery with reckless indifference to human life, as a unanimous jury in Case No. 98F07013 necessarily found that to be so beyond a reasonable doubt, and as it does not appear that there has been any postconviction proceeding in which it was ordered that the special circumstance finding be vacated in Case No. 98F07013 with regard to defendant Lewis, the court now finds that defendant Lewis simply is ineligible for relief under Penal Code § 1170.95."

## DISCUSSION

Defendant argues the trial court erred when it relied on the jury's special-circumstance finding to determine he was ineligible for relief as a matter of law.  He argues that because the definitions of "major participant" and "reckless indifference to human life" were clarified by our Supreme Court after the jury made its finding in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, the special-circumstance finding from his trial is invalid.  Because the order denying defendant's petition relied on the special-circumstance finding, defendant claims the order must be reversed.  We disagree.

4

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) Senate Bill 1437 achieved these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "[t]he person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 (2017-2018 Reg. Sess.) also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides, in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served." (§ 1170.95, subd. (c).)

We concluded in defendant's direct appeal that there was sufficient evidence to find defendant was the victim's actual killer. (*Lewis, supra*, C034860.) This conclusion is law of the case and is binding. (*Friends of Spring Street v. Nevada City* (2019) 33 Cal.App.5th 1092, 1106.) Thus, he still could be convicted of murder, even after the changes introduced to section 189 by Senate Bill 1437 (2017-2018 Reg. Sess.), and is

5

thus ineligible for relief under section 1170.95. (See §§ 189, subd. (e)(1), 1170.95, subd. (a)(3).) Whether or not his eligibility is also precluded because he was a major participant who acted with reckless indifference to human life is irrelevant.[2]

Defendant contends the fact there was sufficient evidence to show he was the actual killer does not compel the denial of his section 1170.95 petition because there is no evidence in the record showing the jury actually relied on that theory of liability, rather than a theory he was a major participant who acted with reckless indifference to human life. But as explained above, the controlling question for eligibility under section 1170.95 is whether defendant could still be convicted of murder under a theory permitted by section 189, not whether a jury used that same theory at trial. (§ 1170.95, subd. (a)(3).) Because we previously concluded that there was sufficient evidence to find, beyond a reasonable doubt, that defendant was the actual killer in his case, he could still be convicted of murder under section 189. (*Lewis, supra*, C034860.) We conclude the trial court did not err when it denied defendant's section 1170.95 petition.

---

**2**      Defendant cites *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011, for the proposition that a pre-*Banks*/*Clark* finding that defendant was a major participant who acted with reckless indifference to human life should not preclude eligibility for section 1170.95 relief. For their part, the People argue that *Torres* was wrongly decided. Because defendant is ineligible for relief even without reaching the question whether he was a major participant who acted with reckless indifference to human life, *Torres* is not applicable here, and we decline the People's invitation to examine its reasoning.

DISPOSITION

The trial court's order denying defendant's section 1170.95 petition is affirmed.


      KRAUSE      , J.


We concur:



      BLEASE      , Acting P. J.



      RENNER      , J.